UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISAAC JAKOBOVITS, as Trustee of the LITE TRUST I, <br><br> Plaintiff, <br><br> v. <br><br> ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, <br><br> Defendant. | Case No. 1:15-cv-09977-WHP <br><br> JURY TRIAL REQUESTED <br><br> ECF CASE |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-4-16

### [PROPOSED] PROTECTIVE ORDER

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this litigation, THE COURT HEREBY ORDERS that any person subject to this Protective Order ("Order"), including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order, shall adhere to the following terms:

1.   Any person subject to this Order who receives from any other person any information of any kind—whether in documents, testimony, or any other form—provided in the course of this litigation ("Discovery Material") that is designated as "Confidential" or "Highly Confidential" (collectively "Confidential Discovery Material") pursuant to the terms of this Order shall not disclose such Confidential Discovery Material or any information copied or extracted from such Confidential Discovery Material except as expressly permitted by this Order.

1

2.  The person producing any given Discovery Material may designate as "Confidential" any Discovery Material or portion of Discovery Material that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or could, in the good faith opinion of the producing person, adversely affect a person's privacy obligations or policies, business, commercial, financial, or personal interests. The person producing any given Discovery Material may designate as "Highly Confidential" any Discovery Material or portion of Discovery Material that contains (i) information concerning trade secrets or other proprietary or confidential business, operations and security information or other information the disclosure of which would, in the good faith judgment of the party designating the material as "Highly Confidential," compromise the security or assets of that party or its customer or cause substantial competitive harm to a party in the marketplace, (ii) highly sensitive personal information concerning present or former employees, or (iii) highly sensitive personal financial or health-related information concerning non-parties.

3.  With respect to the "Confidential" or "Highly Confidential" portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the document or protected portion of the document in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" or "Highly Confidential" either on the record during the deposition or within fourteen (14) days of receipt of the transcript.

4.  At any time prior to the trial of this action, any Discovery Material that previously was produced without limitation may be designated by the producing person as "Confidential" or

4280647v2/015036

"Highly Confidential" by informing all parties in writing that the Discovery Materials should be treated as "Confidential" or "Highly Confidential" under this Order.

5.  No person subject to this Order other than the producing person shall disclose any Discovery Material designated as "Confidential" to any other person, except: (i) the parties to this action; (ii) either party's counsel in this action, including any paralegal, clerical, and other assistant employed by such counsel; (iii) as to any document, its author, addressee, or any person indicated on the face of the document as having received a copy; (iv) any witness called to testify at trial or deposition this action; (v) any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action; (vi) any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action; (vii) mock jurors specifically hired for purposes of this action; (viii) any mediator who is assigned to hear this matter, and his or her staff; (ix) individuals affiliated with copy or imaging services retained by counsel, (x) individuals affiliated with graphics, translation, design, and/or professional trial consulting services retained by counsel; (xi) stenographers engaged to transcribe depositions conducted in this action; (xii) regulatory, tax or law enforcement officials; (xiii) auditors; and (xiv) the Court and its support personnel. Material designated as "Highly Confidential" may be disclosed only to persons in categories (ii)-(xiv) of this paragraph.

6.  Prior to any disclosure of any Confidential Discovery Material to a person referred to in subparagraphs (v)-(x) of Paragraph 5 above, such person shall be provided by counsel with a copy of this Order and shall sign the Non-Disclosure Agreement attached to it. Counsel shall retain each signed Non-Disclosure Agreement.

4280647v2/015036

7. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court in the manner provided by the Court's "Sealed Records Filing Instructions" (available on the Court's website) and Rule V(A) of this Court's Individual Practices as follows: The parties will use their reasonable best efforts to minimize the filing of Discovery Materials under seal. If filing under seal is determined to be necessary, however, a party may file on the public docket a redacted copy of the document(s) sought to be filed under seal, along with a sealing request in accordance with Rule V(A) of this Court's Individual Practices. The filing party also shall provide both the Court and the opposing party with an unredacted copy of the entire filing. If the Court grants leave to file, the filing party promptly shall file amended, redacted copies with the Clerk of Court.

8. Any party who objects to any designation of confidentiality may, by the latest of twenty (20) days after production of the material at issue or seven (7) days after the final pre-trial exhibit list disclosure deadline, serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request or, alternatively, raise its objection or request in a telephonic meet and confer. If the parties cannot reach a prompt agreement respecting the objection, the parties may seek a ruling from the Court.

9. Each person who has access to Discovery Material that has been designated as "Confidential" or "Highly Confidential" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10. The parties agree that it is not their intention to produce or accept the production of materials subject to attorney-client privilege, work product protection, or any other privilege, doctrine, or immunity against disclosure (collectively "Protected Material"), and that, pursuant to

4280647v2/015036

Federal Rule of Evidence 502 and regardless of the circumstances of such disclosure or production, the disclosure or production of Protected Material shall not be deemed a waiver by the producing party of any applicable privilege, work product protection, or other protection privilege in this case or in any other state or federal lawsuit or any other regulatory or legal proceeding or arbitration.

11. Accordingly, if, in connection with this litigation, a party discloses documents, information or other material it believes to be subject to a claim of attorney-client privilege, work-product protection, or other privilege, doctrine, or immunity against disclosure, pursuant to Federal Rule of Evidence 502(d), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or protection with respect to the Protected Material or its subject matter either as to the parties in this litigation or any other individual or entity.

12. Any party that produces Protected Material may obtain the return of such by notifying the receiving party of such production and providing a privilege log for the documents, information, or other material at issue. The receiving party thereafter shall return or destroy all copies of the Protected Material and provide a certification of counsel that all such information has been returned or destroyed within five (5) business days. A receiving party may move the Court for an Order compelling production of the Protected Material. For the avoidance of doubt, the producing party need not make any factual showing that the production was inadvertent and no party may contend that such production was not inadvertent as a basis for its subsequent production.

13. If a party is served with a subpoena or other judicial process seeking the production of materials which were produced to it in this action and which were designated as "Confidential" or "Highly Confidential," such party shall, within five (5) business days of receipt

5

of the subpoena or other judicial process, provide written notice (including a copy of the subpoena or other judicial process) of its receipt of such subpoena or other process to the party that designated the material as "Confidential" or "Highly Confidential" to provide the producing party the opportunity to take such action it deems necessary to prevent the production of such "Confidential" or "Highly Confidential" material pursuant to such subpoena or judicial process. For the avoidance of doubt, once the party that received the subpoena or is the subject of other judicial process has provided such notice to the producing party, any further obligation to resist production of such Confidential Discovery Material will be borne only by the party that designated the material as "Confidential" or "Highly Confidential."

14. This Order shall survive the termination of the litigation. Within thirty (30) days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential," including copies, shall be returned to the producing person or destroyed, and counsel shall provide written certification that all such information has been returned or destroyed. For the avoidance of doubt, materials created by counsel that quote or cite to Discovery Material designated as "Confidential" or "Highly Confidential" need not be returned or destroyed. Additionally, counsel for each party may retain one copy of any Discovery Material designated as "Confidential" or "Highly Confidential" that it may use solely to defend itself against claims arising out of or relating to its participation in this action or representation of one or more parties. Otherwise, material designated as "Confidential" or "Highly Confidential" shall be utilized by the party to which such material was produced and its counsel only for purposes of this litigation and for no other purposes.

16. This Stipulation and Order shall not be construed as an admission by any party that any document or other evidence is discoverable, relevant, or admissible or as a waiver of any

4280647v2/015036

right to object to the discoverability, relevance, or admissibility of any document or other evidence. There are no intended beneficiaries of this Stipulation and Order other than the parties to this action and the Court, and no other person shall acquire any right hereunder.

SO ORDERED.

Dated: New York, New York

   May 4, 2016
_____

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

4280647v2/015036

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISAAC JAKOBOVITS, as Trustee of the LITE TRUST I, <br><br>   Plaintiff, <br><br> v. <br><br> ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, <br><br>   Defendant. | Case No. 1:15-cv-09977-WHP <br><br> JURY TRIAL REQUESTED <br><br> ECF CASE |

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, acknowledge that I have read and understand the Protective Order in this action (the "Order"). I agree that I will not disclose any Confidential Discovery Material produced in this litigation to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it.

By acknowledging these obligations under the Order, I understand I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising under this Agreement and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

4280647v2/015036